[No. 12918–3–II. Division Two. May 28, 1991.]

JAMES B. STRONG, *Appellant,* v. THE DEPARTMENT OF RETIREMENT SYSTEMS, *Respondent.*

*Richard L. Bartholomew* and *Morgan & Bartholomew,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Alice M. Blado, Assistant,* for respondent.

MORGAN, J.—James B. Strong appeals from a superior court order affirming a Department of Retirement Systems decision that he should receive 1.4285 percent, rather than 2 percent, of his final average compensation for each year of his military service prior to 1947. The Department cross–appeals, seeking review of a class action certification. We affirm the order affirming the Department's decision, and reverse the order certifying the class.

The facts are undisputed. Strong joined the Public Employees' Retirement Systems (PERS) on November 1, 1957, and retired effective March 1, 1986. By the time of retirement, he had accumulated more than 25 years in PERS. He had also served in the military from 1942 to 1946, before he was employed by any unit of government.

After Strong's retirement, the staff of the Department of Retirement Systems calculated his benefits. It determined that Strong's military service was "prior service" and credited it at 1.4285 percent of average final compensation. The Department's Assistant Director concurred.

Strong appealed to the Director of the Department of Retirement Systems, who affirmed, and then to the superior court. In the superior court, he sought review of the

Director's decision and certification of a class comprised of similarly situated retirees.

The Superior Court (1) certified a class containing all veterans who had served in the military before October 1, 1947, with 25 or more years of service under PERS, who were not receiving full military retirement benefits, and who were receiving less than the maximum allowable pension; and (2) affirmed the Director's decision. Strong appealed from the affirmance of the Director's decision, and the Department appealed from the certification of the class.

## STRONG'S APPEAL

 Review of any final decision of the Director of the Department of Retirement Systems is governed by the administrative procedure act, former RCW 34.04. RCW 41.40.420; RCW 34.05.902 (former APA applies to actions begun before July 1, 1989). The court may grant relief if the agency decision is affected by error of law. Former RCW 34.04.130(6)(d). The appellate court may substitute its view of the law for that of the administrative agency, though the agency's interpretation is accorded substantial weight. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 325, 646 ·P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983). However, interpretation of a statute is a matter within the conventional competence of the court rather than the special competence of the administrative agency, *American Legion Post 32 v. Walla Walla,* 116 Wn.2d 1, 5, 802 P.2d 784 (1991), and when interpreting a statute, the primary objective of the court is to carry out the intent of the Legislature. *American Legion,* at 8.

RCW 41.40.170(3) establishes a military credit that can figure into the computation of an employee's pension under PERS. It provides in pertinent part as follows:

> In any event, after completing twenty–five years of creditable service, any member may have his service in the armed forces credited to him *as a member* whether or not he left the employ of an employer to enter such armed service . . ..

(Italics ours.) A "member" is "any employee included in the membership. of the retirement system, as provided for in

RCW 41.40.120." RCW 41.40.010(5). Every member accumulates "membership service", which is "[a]ll service rendered, as a member, after October 1, 1947". RCW 41.40.010(11)(a). In addition, a member who is an "original member", as that term is extensively defined by RCW 41.40.010(6), may have accumulated "prior service", which is "all service of an original member rendered to any employer prior to October 1, 1947." RCW 41.40.010(10). Neither Strong nor the Department argues that he is an "original member", and clearly he is not.

RCW 41.40.185 provides the method for computing the pension. It provides in pertinent part that upon retirement, the member's service retirement allowance shall consist of:

> (2) A membership service pension, . . . which shall be equal to two percent of his or her average final compensation for each year or fraction of a year of membership service.
> (3) A prior service pension which shall be equal to one–seventieth [1.4285 percent] of his or her average final compensation for each year or fraction of a year of prior service . . . ..

Strong argues that his military credit should have been counted at 2 percent rather than 1.4285 percent. He reasons by a process of elimination: Because he did not render service to any employer[1] prior to October 1, 1947, he has no "prior service"; therefore his military credit must be "membership service"; and "membership service" counts at 2 percent.

The Department responds that Strong's military service was not "membership service", because it was performed before 1947 and was not for an employer. It admits, however, that Strong's military service is not "prior service" either, because only an original member can have prior service and Strong is not an original member. Essentially, the Department argues that the legislative policy of the State is to credit all service as of the time it was served, and that

---

[1]An employer (for persons who establish membership before September 30, 1977) is a state branch, department, agency, commission, board, office, a political subdivision admitted into the system, or a legal entity authorized by certain statutes. RCW 41.40.010(4)(a). The United States military does not fall within this definition.

military service, though it may not qualify as either prior or membership service, should be credited in this way.

■■ We hold as follows: (1) For purposes of RCW 41.40, membership service and prior service are defined and credited as of the time the service was rendered. Since these are the only two types of service expressly defined in the statute, this indicates that the Legislature intended that all service be credited as of the time it was rendered— *i.e.*, that service rendered prior to October 1, 1947, be credited at 1.4285 percent, and that service rendered thereafter be credited at 2 percent. (2) When a person who is not an original member of the Washington Public Employees' Retirement Systems is credited for military service performed before October 1, 1947, that service is neither membership service nor prior service as those terms are defined in RCW 41.40.010(10) and (11). (3) Nevertheless, military service should be credited as of the time it was performed, in accordance with what appears to be the general legislative policy of the State.

In this case, Strong's military service was rendered prior to 1947. The rate for service rendered at that time is 1.4285 percent. Therefore, the Department acted correctly when it credited Strong at that rate.

Our conclusion is buttressed by the fact that it avoids unfair disparity between those who served as state employees during World War II, and those who served in the military during that time. If we were to adopt Strong's position, a person who was entitled to receive credit for work rendered during World War II as a civilian employee of the State would be credited at 1.4285 percent, while a person who served in the military during that time would be credited with his or her military service as if it were state service, but at the higher rate of 2 percent. We can find no indication that the Legislature intended to create this disparity.

Finally, we do not agree with Strong's contention that the Department's position discriminates against World War

II veterans, when compared with Korean or Vietnam veterans. It is apparent from the statute that the Legislature adopted the 1947 cutoff date for fiscal reasons related to establishing a new statewide pension system, not for reasons that were discriminatory. Indeed, given our interpretation in this case, use of the cutoff date results in all pre–October 1, 1947, service being treated equally, and all post–October 1, 1947, service being treated equally, regardless of whether the service was performed for the military or a PERS employer.

## STATE'S CROSS APPEAL

The Department cross–appeals, arguing that the superior court may not certify a class in an appeal from an administrative action. Given our interpretation of the military service credit statute, the only party who is benefited by the continued existence of the class is the State. As it desires decertification of the class, and as no other person would be harmed by the decertification, the State's request is granted.

## CONCLUSION

The order affirming the Department's decision on the calculation of Strong's military service credit at 1.4285 percent is affirmed. The order certifying a class is vacated.

WORSWICK, C.J., and ALEXANDER, J., concur.